BARNS, PAUL D., Associate Judge.
The appellant-plaintiff, The Yerjan Corporation, a lessee (with option to buy) of certain lands from Gifford A. Cochran, et al., filed its complaint in equity against its lessors, to which the defendants filed a motion to dismiss and a motion for a summary final decree. A summary final decree of dismissal was entered against the plaintiff, whereupon it appealed. We affirm.
The basis of the suit concerns two leases (with option provisions) which are identical except as to land and rental payments and option terms as to amounts to be paid. The leases relate to a total of 3,388 acres in Seminole County. Each lease is dated February 21, 1962. On November 21, 1962, a rental payment of $6,314.07 became due on one lease and on the other lease a payment of $3,214.69 became due, totaling $9,528.76 due in rental. The leases further provided that the lessee was to pay taxes due for 1962.
Each lease provided that upon lessee’s failure to perform any of the terms and conditions specified, then upon 30 days written notice to the lessee the lease and the option granted by the lessors would be forfeited and terminated. On January 11, 1963, the lessors gave the plaintiff-lessee (appellant) notice of the default in payment of the 1962 taxes and the default in the payments of rent due November 21, 1962, and notified the lessee that in the event said obligations were not paid within 30 days the leases would be terminated.
Thereupon on February 8, 1963, the plaintiff-lessee filed its complaint alleging that at the time of the execution of the leases it was orally agreed that the lessors would retain possession and themselves pay the taxes. Such allegation is made in the face of a provision of the leases stating that “all understandings heretofore had between the parties are merged in this contract which alone fully and completely expresses their agreement.” The complaint further alleges that on December 20, 1961 [1962], the plaintiff deposited to the account of the defendants in the First National Bank at Orlando “a sum sufficient to pay the option payment” due November 21, 1962, which sum was returned.
Each lease provided that in event the “lessee is not in default under the terms of this lease and option agreement,” said option' may be extended before it expires by making payment of $2,000 therefor on one option and $1,000 on the other, .at stated periods corresponding to the dates on which the rent payments became due. The rental payments due November 21, 1962, totaled $9,528.76, which if paid permitted the option to be extended upon payment of $3,000, making a total of $12,528.76. ■ The right to extend the options was dependent on the lessee not being in default in payment of the $9,-528.76 due for rent on November 21; and it does not appear that such rental payment has ever been paid or tendered. Nor is it alleged in the complaint or shown or contended by anyone that the payment of this rent according to the written agree-men has been waived or modified. The rights to extend the options were dependent upon the lessee performing the terms of the leases.
Since payment of the rental was not paid within 30 days after notice of default by the lessors, the contractual relationship between the parties appears to have ended and the question of a collateral oral agreement relating to the 1962 taxes has become moot.
Affirmed.
SMITH, C. J., and SHANNON, J., concur.